EDWARD N. SCRUGGS, Retired Circuit Judge.
Prouty Real Estate Services (plaintiff) sued the Merchants National Bank as trustee (bank) and another party for a real estate commission and for the refund of earnest money. The trial court granted the bank's motion for a summary judgment and entered a final judgment in favor of the bank and against the plaintiff, the judgment being made final pursuant to Rule 54(b) of the Alabama Rules of Civil Procedure. The plaintiff appeals. The action remains pending against the third party.
The plaintiff had deposited $5,000 as earnest money with the bank regarding a sale of land by the bank to the plaintiff. It was agreed between the plaintiff and the bank that, if the plaintiff failed to close the transaction due to negligence, the earnest money would be retained as liquidated damages to the bank. Nothing was mentioned in the two letters which constituted that agreement that the sale was contingent upon the plaintiff’s being able to borrow money in order to pay the purchase price of the land to the bank.
The plaintiff’s local lender finally refused to make a loan to the plaintiff, and the plaintiff released the bank from its commitment to sell the land to the plaintiff. The bank was requested to return the earnest money to the plaintiff, but did not do so. Mr. Prouty, the president of the plaintiff, unequivocally testified in a deposition that it was the fault of the plaintiff, not of the bank, that the sale between the bank and the plaintiff did not go through. We view that testimony, in effect, to be a factual admission that the bank was entitled to keep the earnest money as liquidated damages.
Mr. Prouty further testified that the bank never employed the plaintiff as a real estate agent, that the bank never agreed at any time to pay any sort of a finder’s fee or commission to the plaintiff, and that the bank does not owe the plaintiff a commission for the sale of the real estate. We note that, if any finder’s fee or commission is owed to the plaintiff by anyone for a subsequent sale of this property to the third party, it would be due from the third party, which issue is still pending before the trial court, and, as to the merits of which, we do not express any opinion.
A trial court must render a summary judgment in favor of the movant if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law. Silk v. Merrill Lynch, *73 Pierce, Fenner & Smith, Inc., 437 So.2d 112 (Ala.1983). Here, the uncontroverted evidence of the plaintiffs president discloses that the plaintiff has no claim against the bank either for a commission or for a return of the earnest money. Accordingly, there was no issue of material fact, and the bank was entitled to a summary judgment as a matter of law.
The trial court properly ruled, and we affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.